**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

DEC 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10084 |
| Plaintiff-Appellee, | D.C. No. 5:17-cr-00352-LHK |
| v. | |
| JUAN TEJADA-ZEPEDA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted November 27, 2018[**]

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Juan Tejada-Zepeda appeals from the district court's judgment and

challenges the three-year term of supervised release imposed following his guilty-

plea conviction for illegal reentry following deportation, in violation of 8 U.S.C.

§ 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Tejada-Zepeda contends that the district court misapplied U.S.S.G. § 5D1.1(c) when it imposed a term of supervised release even though he is likely to be deported when his prison term ends. He suggests that the court was prohibited from imposing supervised release absent a finding that his was an unusual case. Tejada-Zepeda cites no authority to support this claim. In any event, the court expressly considered the particular circumstances of Tejada-Zepeda's case, including his motivation to return to the United States and his history of engaging in criminal conduct when he is in the United States, and found that a supervised release term would serve the goals of deterrence and protection of the public. This was consistent with the Guidelines, *see* U.S.S.G. § 5D1.1 cmt. n.5, and the court's obligation to explain the sentence, *see United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Tejada-Zepeda also contends that the three-year term of supervised release is substantively unreasonable. The district court did not abuse its discretion. *See United States v. Valdavinos-Torres*, 704 F.3d 679, 692 (9th Cir. 2012). The term of supervised release is substantively reasonable in light of the totality of the circumstances. *See id.* at 692-93.

**AFFIRMED.**

18-10084